IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J. GREGORY SIDAK,<br><br>   *Plaintiff*<br><br>v.<br><br>U.S. INTERNATIONAL TRADE COMMISSION; DAVID S. JOHANSON, in his official capacity as Chairman of the U.S. International Trade Commission; RHONDA K. SCHMIDTLEIN, JASON E. KEARNS, RANDOLPH J. STAYIN, and AMY A. KARPEL, in their official capacities as Commissioners of the U.S. International Trade Commission,<br><br>   *Defendants* | **Civil Action No. 1:23-cv-00325-TNM** |

**JOINT STATUS REPORT**

As directed by the Court during the status conference held on February 15, 2023, the Parties submit this Joint Status Report to address two issues raised by the Court:

  **A. Whether Documents Should Be Partially Under Seal**

The Parties disagree as to whether documents in this case should be partially under seal. They agree, however, that the sealing issue must be resolved before further filings are due and that the Court should be able to resolve the question both for the documents that are currently under seal and for future filings in the case through a single, expedited, three-round briefing schedule based on a motion from Plaintiff. To that end, the Parties propose the following expedited briefing schedule:

- Plaintiff will file a Motion To Maintain Documents Under Seal and for a Protective Order by **Thursday, February 23, 2023**.

- Defendants' Opposition will be due on **Thursday, March 2, 2023**.

- Plaintiff's Reply will be due on **Wednesday, March 8, 2023**.

This highly expedited schedule would enable the Court to rule on the motion before the filing date proposed below for a joint stipulation of undisputed facts on **March 17, 2023.** The Parties also agree that the Court's decision will apply to all existing documents in this case with redactions, including the Complaint and Plaintiff's existing Motion for a Preliminary Injunction. Finally, the Parties agree that Chief Judge Howell's initial decision sealing the Complaint does not in any way affect this Court's *de novo* consideration of whether any documents in this case should be partially sealed. *See* Mem. & Order, ECF No. 4 (granting motion to seal "subject to further consideration by the United States District Judge to whom this matter is randomly assigned").

### B. Converting Plaintiff's Motion for a Preliminary Injunction into Final Briefing on the Merits

At the Court's suggestion, the Parties have discussed converting Plaintiff's motion for a preliminary injunction into final briefing on the merits of the issues presented in the case. The Parties currently believe that there do not appear to be any material facts in dispute, that the questions to be resolved by the Court are purely legal ones, and thus that the case is amenable to being resolved immediately on dispositive briefing.

On the expectation that the case may be resolved on summary judgment briefing now, the Parties propose the following approach:

*First,* the Parties suggest that, in lieu of Plaintiff filing a new motion for summary judgment, the Court treat Plaintiff's Motion for a Preliminary Injunction (ECF No. 10) as a Motion for Summary Judgment. Because the standard is essentially identical for both preliminary and

permanent injunctive relief, *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008), the Parties do not believe it is necessary for Plaintiff to re-file its motion and supporting documents under a new label and agree that the Court may award declaratory as well as injunctive relief on the current motion.  In addition, to allow the current motion to be treated as a motion for summary judgment, the Parties request that the Court waive the requirement of Local Civil Rule 7(h) that "each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no issue" and similarly waive the requirements of paragraph 14 of the Court's Standing Order, ECF No. 6.  The Parties propose a mechanism for addressing the statement of undisputed material facts below.

*Second,* given that the relevant facts appear to be contained in a limited set of documents generated at the International Trade Commission or in proceedings before the International Trade Commission, and that the facts do not appear to be in dispute, the Parties propose that they file a joint stipulation of undisputed facts.  To account for any scenario in which the parties are unable to come to a complete resolution on a joint stipulation, the Parties' proposed schedule incorporates an opportunity for each Party to file a separate statement of undisputed material facts, to be accompanied as necessary by evidence cited therein, as well as responses to such statements.  In the event that Plaintiff identifies disputed issues of fact that he believes would require discovery, he may seek leave to modify this schedule under Fed. R. Civ. P. 16(b)(4) and LCvR 16.4.  Defendants anticipate opposing any such discovery and will work cooperatively to propose an expedited briefing schedule regarding any request by Plaintiff for modification and discovery should it arise.  Finally, insofar as the provisions of LCvR 7(n) and paragraphs 13(B) and 14(A) of the Court's Standing Order would otherwise apply to require Defendants to file an

administrative record in this litigation, the Parties request that the Court waive the requirements of that rule in light of the alternative provisions specified herein.

*Third,* in light of (i) the Court's suggestion that it would be open to adjusting the current briefing schedule if the Parties were able to agree on converting the briefing to address the merits, (ii) the need to resolve issues related to sealing material in the case before Defendants' opposition is due, *see infra* Part B, and (iii) Defendants' agreement to extend the current April 21, 2023 deadline for Mr. Sidak to submit an additional affidavit in the underlying administrative proceeding until June 1, 2023—in order to accommodate the Court's consideration of the consolidated briefing described herein—the parties propose the following briefing schedule:

- The Parties' joint stipulation of undisputed facts will be due on **Friday, March 17, 2023.** In the event that the Parties are unable to agree entirely on a joint stipulation, Plaintiff will submit its supplemental statement of additional undisputed facts by the same due date.

- Defendants' Combined Opposition to Plaintiff's Motion for Summary Judgment and Cross-Motion for Dispositive Relief under Fed. R. Civ. P. 12 and/or 56 will be due on **Tuesday, March 28.** In the event that the Parties are unable to agree entirely on a joint stipulation, Defendants will submit their statement of additional undisputed facts and response to Plaintiff's statement by the same due date. Defendants need not comply with LCvR 7(n) or Paragraphs 13(B) or 14(A) of the Court's Standing Order, ECF No. 6, in relation to the Cross-Motion for Dispositive Relief.

- Plaintiff's Combined Reply in support of his Motion for Summary Judgment and Opposition to Defendants' Cross-Motion for Dispositive Relief will be due on **Friday, April 14.** In the event that Defendants have submitted a statement of additional undisputed facts, Plaintiff may file a response thereto by the same due date.

- Defendants' Reply in support of their Cross-Motion for Dispositive Relief will be due on **Tuesday, April 25.**

The Parties further propose that the schedule proposed in this joint status report supersede and/or replace the schedule set by the Court during the status conference held on

February 15, 2023, as well as the deadline for Defendants to file a brief in opposition to Plaintiff's Motion to File Under Seal at ECF No. 11.

|  |  |
|---|---|
|  | Respectfully submitted, |
| /s/ *Christopher Landau* | BRIAN M. BOYNTON |
| Christopher Landau (425319) | Principal Deputy Assistant Attorney General |
| Patrick F. Philbin (453620) |  |
| John V. Coghlan (1020405) | CHRISTOPHER HALL |
| ELLIS GEORGE CIPOLLONE | Assistant Branch Director |
|   O'BRIEN ANNAGUEY LLP |  |
| 1155 F Street, N.W., Suite 750 | /s/ *James R. Powers* |
| Washington, DC  20004 | JAMES R. POWERS (TX Bar No. 24092989) |
| (202) 249-6900 (telephone) | United States Department of Justice |
| (202) 249-6899 (fax) | Civil Division, Federal Programs Branch |
| *clandau@egcfirm.com* | 1100 L Street NW |
| *pphilbin@egcfirm.com* | Washington, DC 20005 |
| *jcoghlan@egcfirm.com* | Tel: (202) 353-0543 |
|  | Email: James.R.Powers@usdoj.gov |
| *Counsel for Plaintiff J. Gregory Sidak* |  |
|  | *Counsel for Defendants* |